# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 16-23379-Civ-COOKE/TORRES

NINOSKA MORENO, individually
and on behalf of others similarly situated,

    Plaintiff,

vs.

PALMETTO PRINTING, INC.,
NEW PRINT, INC.,
EDUARDO ALBERTO RIVAS and
EDUARDO RIVAS, individually,

    Defendants.

_____/

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

This is an action for damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Florida Minimum Wage Act, Fla. Stat. 448.110, *et seq.*, ("FMWA"), to recover, *inter alia*, unpaid minimum and overtime wages. I have jurisdiction under 28 U.S.C. §§ 1331 and 1367.

Pending is Plaintiff Ninoska Moreno's Motion for Partial Summary Judgment against Eduardo Alberto Rivas and Eduardo Rivas (the "Individual Defendants") (ECF No. 42). For the reasons that follow, I grant Moreno's Motion.

## BACKGROUND

The Individual Defendants ran Palmetto Printing, Inc. ("Palmetto") and New Print, Inc. ("New Print") (together, the "Corporate Defendants") during the period relevant to this lawsuit (ECF No. 28 ¶¶ 6-7). From approximately 2007 through March 2014, they employed Moreno as a non-exempt bookkeeper. (*Id.* ¶ 11). Her duties involved data entry, mathematical work, and interstate communication. (*Id.*).

From 2007 through 2010, Moreno worked fifty (50) hours per week and received a $400.00 weekly salary. (*Id.* ¶ 13). She did not receive overtime wages. (*Id.*). From 2010 until the end of her employment, Moreno worked twenty (20) hours per week for a $100.00 weekly salary. (*Id.* ¶ 15). That compensation amounted to $5.00

per hour, $2.25 below the statutory federal minimum wage. (*Id.*). Her wages also violated the FMWA, which required hourly rates ranging from $7.31 to $7.93 per hour during that period. (*Id.* ¶ 23).

Moreno sued Defendants for FLSA/FMWA violations in Miami-Dade County Court in July 2015. (ECF No. 1-2 at 7-18). Defendants removed the action to this Court in August 2016. (ECF No. 1). Counsel for the Corporate Defendants withdrew in January 2017. (ECF No. 32). The Corporate Defendants failed to retain substitute counsel and, as a result, the Clerk entered default against them in March 2017.[1] (ECF No. 47). I granted Moreno's Motion for Entry of Default against the Corporate Defendants (ECF No. 48) in May 2017 (ECF No. 51).

In the meantime, Moreno moved for partial summary judgment against the Individual Defendants in March 2017. (ECF No. 42). She asks that I hold them individually liable to her because they exercised "operational control of the business[es] and [her] employment." (ECF No. 42 at 1). The Individual Defendants' response to the Motion was due on or before April 5, 2017, but they failed to file one. (ECF No. 55).

Despite the Individual Defendants' inaction, I cannot grant Moreno's Motion "merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact." *Kinder v. Carson*, 127 F.R.D. 543, 545 (S.D. Fla. 1989) (quoting *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989)). I therefore ordered the Individual Defendants to file a response to Moreno's Motion by May 30, 2017, or alternatively to show cause why I should not decide the Motion on the record as it stands. (*Id.*). That day has come and gone, and the Individual Defendants still have not filed a response or explained their failure to do so.

Accordingly, I rule on Moreno's Motion based on the record before me.

## STANDARD OF REVIEW

Summary judgment "shall be granted if the pleadings, depositions, answers to

---

[1] Under federal law, a corporation cannot appear *pro se* and must be represented by counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-86 (11th Cir. 1985); *National Independent Theater Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609 (11th Cir. 1985).

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) (quoting Fed. R. Civ. P. 56(c)) (internal quotations omitted); *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999). Thus, the entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id*.

Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted).

"A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Damon*, 196 F.3d at 1358. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Abbes v. Embraer Servs., Inc.*, 195 F. App'x 898, 899-900 (11th Cir. 2006) (quoting *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)).

When deciding whether summary judgment is appropriate, "the evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party." *Bush v. Houston County Commission*, 414 F. App'x 264, 266

(11th Cir. 2011).

## DISCUSSION

Generally, the FLSA requires employers to compensate their employees at minimum wages of $7.25 per hour and, those who work in excess of forty hours per week, at a rate of one and one-half times the regular rate at which they are employed. *See* 29 U.S.C. § 207(a); *Garcia v. Port Royale Trading Co.*, 198 F. App'x 845, 845 (11th Cir. 2006) (citing *Davis v. Friendly Express, Inc.*, 2003 WL 21488682, at *1 (11th Cir. 2003)). The regular hourly rate is the rate actually paid for a normal, non-overtime workweek. *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37 (1944).

29 U.S.C. § 203(d) provides, in relevant part, that the term "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." Whether a particular defendant is an employer under the FLSA is a question of law. *Welch v. Laney*, 57 F.3d 1004 (11th Cir. 1995). "An entity employs a person under the FLSA . . . if it suffers or permits the individual to work. An entity suffers or permits an individual to work if, as a matter of economic reality, the individual is dependent on the entity." *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996).

An employer under the FLSA may also include a corporate officer or even another employee. *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986). In *Patel*, the Eleventh Circuit stated, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id.*; *see also Muller v. Total Protective Services, Inc.*, 2007 U.S. Dist. LEXIS 7245 (M.D. Fla. 2007) (same). To determine whether a corporate officer is an "employer," courts look to whether the officer was involved in the compensation of employees, the hiring or firing of employees, or other matters "in relation to an employee." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008).

"Operational control" is an important factor in determining a corporate officer's status as an FLSA employer and personal liability under the FLSA. *See Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013); *Patel*,

803 F.2d at 637-38. Operational control includes supervision over significant aspects of an entity's day- to-day functions, including employment matters. *Patel*, 803 F.2d at 638. "[W]hile control need not be continuous, it must be both substantial and related to the company's FLSA obligations." *Lamonica*, 711 F.3d at 1314.

Here, there is ample evidence that both Individual Defendants had operational control of the businesses, and Moreno's employment, sufficient to attach individual liability. Both Individual Defendants were present at the businesses on a daily basis. (ECF No. 43-1 ¶ 5). Eduardo Alberto Rivas made the ultimate decision to hire Moreno as a bookkeeper for Palmetto Printing, Inc. and New Print, Inc. (*Id.* ¶ 6). He also made the ultimate decision in setting Moreno's work hours and instructed Moreno about her duties and assignments. (*Id.*). Eduardo Rivas made changes to Moreno's duties and work schedule, for example by requesting her to stay later in the day, arrive earlier in the day, or work on weekends. (*Id.* ¶ 7). He also signed her paychecks. (*Id.*). And when Moreno ultimately was fired, the decision came from Eduardo Rivas. (*Id.* ¶ 8).

In short, the Individual Defendants squarely fit the prevailing definition of an FLSA employer because they exercised operational control over Palmetto and New Print. They are therefore individually liable to Moreno for unpaid minimum and/or overtime wages.

## CONCLUSION

It is, therefore, **ORDERED** and **ADJUDGED** that Moreno's Motion for Partial Summary Judgment against Eduardo Alberto Rivas and Eduardo Rivas (ECF No. 42) is **GRANTED**. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE** and **ORDERED** in chambers at Miami, Florida, this 9th day of June 2017.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*